No. 480

First Circuit

ABNEY v. LEVY

(December 3, 1929.    Opinion and Decree.)
(March 5, 1930.    Rehearing Refused.)
(May 5, 1930.    Writs of Certiorari and Review Refused by Supreme Court.)

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellant.

S. W. Provensal, of Slidell, attorney for defendant, appellee.

LECHE, J.  Plaintiff sues to have declared as null and void a sale to himself, by defendant, of certain property situated near Abita Springs in the parish of St. Tammany, and to recover $212.41, for damages and for the price which he paid for the property. The alleged ground of nullity is that defendant had no title to the property at the time of sale, and has not acquired any title thereto since the sale.

Defendant first excepted to plaintiff's demand on the ground that the petition disclosed no cause of action, and that, exception having been overruled by the trial court, he answered by denying each of the articled allegations of the petition, admitting only that he was the sole heir of his father, Jacob Levy.

The case was submitted to this court on briefs, and the sole defenses argued therein are (1) that plaintiff's petition shows no cause of action; and (2) that defendant never promised to reimburse plaintiff the expenses which were incurred as a result of the sale.

Being in doubt as to whether a vendee in possession could sue for the return of the purchase price of property on the ground that his vendor had no title, without alleging disturbance of his possession, the issue raised by defendant's exception of no cause of action, that question was certified by us to the Supreme Court for instructions.

The decree of that court was "that a vendee in the undisturbed possession of property has the right to sue his vendor for the restitution of the purchase price thereof, whenever he is in position to show, and so shows, that a perfect title to the property exists in some third person, whereby it is rendered legally certain that his vendor had no title."

It is therefore obvious that, in obedience to the quoted ruling of the Supreme Court, defendant's exception must be overruled.

Defendant in his brief does not pretend to have had any title to the property at the time that he sold to plaintiff, nor does he allege any subsequent acquisition which would inure to the benefit of plaintiff. Plaintiff, on the other hand, shows that defendant's father, Jacob Levy, did acquire the property in 1895, but that the same was subsequently sold at a judicial sale made in 1902 to one Alex Mutti. It is not alleged or shown that Mutti's title is defective or void. Mutti is not a party to this suit and it does not appear whether he claims to own the property.

But considering that defendant does not allege or show that he had any title to the property when he sold it to plaintiff, except perhaps as sole heir of his father, Jacob Levy, considering further that plaintiff has made out a prima facie case and that he has shown that the title of Jacob Levy, father of defendant, was divested by a judicial sale in 1902, and considering further that defendant does not question the validity of that sale, we must perforce conclude that defendant sold to plaintiff property which he did not own.

As a result of the sale, it is shown that plaintiff, in order to preserve the title which he had thus acquired in good faith, was compelled to pay taxes amounting to $47.41. The claim for attorney's fees must be refused, as there is no law to sanction its allowance. The cost of the fence, even if it were recoverable, is not proved.

We believe that plaintiff is entitled to recover the amount of the purchase price, $100 which he paid to defendant, and also the sum of $47.41 which he paid for taxes.

For these reasons the judgment appealed from is avoided and reversed, and it is now ordered that the sale from defendant to plaintiff, dated July 25, 1925, of "lots 7, 8 and 9 in square 66 fractional 74, comprising lots 1, 2, 3 and 4 in that part of Abita Springs Parish of St. Tammany, known as Bossier City," be declared an absolute nullity, and that plaintiff recover from defendant the sum of $147.41, together with all costs of this suit.